UNITED STATES DISTRICT COURT
DISRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBRA METZGER,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS PEETS,<br><br>Defendant. | **COMPLAINT**<br>**AND DEMAND FOR A JURY TRIAL** |

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

This is a personal injury action brought at law under the court's diversity jurisdiction seeking damages for severe injuries suffered by Plaintiff Debra Metzger while a passenger on board a sailing vessel negligently and recklessly operated by Defendant Thomas Peets on or around June 30, 2024.

### PARTIES

1. Plaintiff Debra Metzger is a citizen of Oklahoma.
2. Defendant Thomas Peets is a citizen of New York.

### JURISDICTION AND VENUE

3. This court has subject matter diversity jurisdiction under 28 U.S.C. § 1332 because the action is between a citizen of Oklahoma and a citizen of New York and the matter in controversy exceeds $75,000.00, exclusive of interests and costs.

4. This Court has personal jurisdiction over Defendant Thomas Peets under the Massachusetts Long-Arm Statute because he transacted business in the Commonwealth of Massachusetts by regularly operating sailing voyages to Martha's Vineyard, Nantucket, and Cuttyhunk, Massachusetts, including the subject voyage which was destined for Martha's Vineyard. Plaintiff's cause of action arose out of Defendant's transaction of business in Massachusetts because she was injured while a passenger on an excursion that included stops in Massachusetts and while enroute from Block Island to Martha's Vineyard. Furthermore, Defendant caused tortious injury in the Commonwealth by negligently failing to provide adequate medical aid to Plaintiff Ms. Metzger and otherwise negligently attending and responding to Plaintiff's serious injuries while operating a vessel in Massachusetts waters until the subject vessel made landfall in Martha's Vineyard. Upon arrival in Martha's Vineyard, Plaintiff Debra Metzger was transported to Martha's Vineyard Hospital, where she received initial medical treatment before being transported to Massachusetts General Hospital in Boston.

5. This Court has personal jurisdiction over Defendant under the Due Process Clause of the United States Constitution because he purposefully availed himself of the privilege of conducting business in Massachusetts and Plaintiff's cause of action is sufficiently connected and related to Defendant's conduct in Massachusetts. Defendant transacted business in the Commonwealth of Massachusetts by regularly operating sailing voyages to Martha's Vineyard, Nantucket, and Cuttyhunk, Massachusetts, including the subject voyage which was destined for Martha's Vineyard. Plaintiff's cause of action arose out of Defendant's transaction of business in Massachusetts because she was injured while a passenger on an excursion that included stops in Massachusetts and while enroute from Block Island to Martha's Vineyard. Furthermore, Defendant caused tortious injury in the Commonwealth by negligently providing inadequate

medical aid and responding to Plaintiff's serious injuries while operating a vessel in Massachusetts waters until the subject vessel made landfall in Martha's Vineyard.  Upon arrival in Martha's Vineyard, Plaintiff Debra Metzger was transported to Martha's Vineyard Hospital, where she received initial medical treatment before being transported to Massachusetts General Hospital in Boston.

## ALLEGATIONS

6. In June of 2024, Defendant Thomas Peets organized a sailing voyage on a vessel, believed to be *Summer Wind*, which included transit between Block Island to Martha's Vineyard.

7. At all relevant times, Defendant Thomas Peets was the Captain of *Summer Wind* and was responsible for the safe operation and navigation of that vessel.

8. At all relevant times, Plaintiff Debra Metzger was a passenger on board *Summer Wind* on navigable waters of the United States.

9. The sailing trip was scheduled for a one-week excursion beginning in Newport, Rhode Island on June 28, 2024, with stops at Block Island, Martha's Vineyard, Nantucket, and Cuttyhunk, Massachusetts, ending in Newport, Rhode Island, on July 5, 2024.

10. On or around June 30, 2024, the vessel departed from Block Island enroute to Martha's Vineyard into poor weather, including poor visibility conditions and high ocean swells.

11. During the voyage, due to Defendant's negligent, reckless, and wanton operation and navigation of the vessel, the vessel struck an obstacle with such force that Plaintiff was projected violently, striking her face upon a cabin door below deck and causing severe injuries.

12. On information and belief, the vessel struck a rock or obstruction after Defendant improperly navigated the vessel on the wrong side of a buoy explicitly intended to warn mariners of large rocks or obstructions in the water.

13. Thereafter, Defendant failed to render first aid to Plaintiff from the onset of the injury until the vessel made landfall in Martha's Vineyard and she was transported to Martha's Vineyard Hospital for emergency treatment before being transferred to Massachusetts General Hospital for further care.

14. Plaintiff suffered severe injuries as a result of the impact, including but not limited to:

   a. A right orbital blow-out fracture with retrobulbar hematoma.

   b. An acute displaced fracture of the right medial orbital wall and right orbital fall, with herniation of the interior rectus into the maxillary sinus.

   c. Proptosis of the eye.

   d. Hemorrhage into the right maxillary and ethmoid sinuses.

   e. Physical pain and suffering.

   f. Disfigurement.

   g. Impairment of vision.

   h. Emotional pain and suffering.

   i. Associated sequalae of the above-listed injuries.

   j. Other injuries to be established over the course of discovery.

## COUNT ONE: NEGLIGENCE

15. At all relevant times, Defendant, as Captain and operator of the vessel, owed Plaintiff, a passenger on board that vessel, non-delegable duties to operate, navigate and maintain the vessel safely and in accordance with accepted principles of seamanship and navigation so as to prevent injury to passengers, including Plaintiff.

16. At all relevant times, Defendant breached the aforementioned duties of care in that he:

   a. Failed to properly navigate the vessel so as to avoid obstructions;

    b. Failed to properly plan the voyage;

    c. Failed to properly brief, warn, and instruct his passengers;

    d. Failed to operate a seaworthy vessel that was free of dangerous conditions that could cause blunt trauma in the event of an allision or collision;

    e. Failed to properly warn, brief, advise, and instruct passengers of a possible or impending allision with obstructions;

    f. Failed to conduct appropriate weather briefing and planning;

    g. Failed to train his crew appropriately;

    h. Failed to render appropriate aid after the incident;

    i. Failed to promulgate and enforce appropriate safety policies and procedures;

    j. Failed to navigate in accordance with applicable federal regulations;

    k. Failed to take other reasonable and appropriate measures to be established in the course of discovery and at trial.

17. As a result of the aforementioned negligent acts and omissions, Plaintiff suffered injuries, as previously described and is entitled to all available damages under applicable law, including but not limited to damages for:

    a. Physical injuries;

    b. Disfigurement;

    c. Past and future emotional distress;

    d. Past and future pain and suffering;

    e. Past and future medical expenses;

    f. Economic losses;

    g. Loss of enjoyment of life;

    h.   Punitive damages;

    i.   All other damages available under applicable law

18. To the extent the above-described damages are not available under general maritime law, Plaintiff seeks such damages under applicable state law.

WHEREFORE, Plaintiff demands judgment against Defendant Thomas Peets in an amount that fully and fairly compensates her for her injuries under maritime law and/or applicable state law, plus interest and costs.

## COUNT TWO: GROSS NEGLIGENCE AND RECKLESSNESS

19. At all relevant times, Defendant acted with gross negligence and engaged in reckless, wanton and willful conduct when he decided to depart Block Island knowing that the weather conditions would render the voyage unsafe and expose passengers to harm.

20. At all relevant times, Defendant acted with gross negligence and engaged in reckless, wanton and willful conduct by navigating his vessel into an area where there were explicit warnings of allision obstacles such as rocks that could expose passengers to harm.

21. At all relevant times Defendant acted with gross negligence and engaged in reckless, wanton and willful conduct by failing to provide his passengers with appropriate warnings and cautions to ensure that they would not be injured in the event of an allision with fixed obstacles such as rocks.

22. At all relevant times Defendant acted with gross negligence and engaged in reckless, wanton and willful conduct by failing to provide appropriate and proper instruction to his crewmembers to ensure that passengers were not subject to an unreasonable risk of harm in an allision with a fixed obstacle.

23. At all relevant times Defendant acted with gross negligence and engaged in reckless, wanton and willful conduct by failing to install appropriate equipment on the vessel that would ensure that equipment and appurtenances on board, including doors, did not subject passengers to risk of severe injury.

24. At all relevant times Defendant acted with gross negligence and engaged in reckless, wanton and willful conduct by failing to render appropriate aid after the incident.

25. At all relevant times Defendant acted with gross negligence and engaged in reckless, wanton and willful conduct by failing to execute other acts to be shown to be established during discovery and at trial.

26. As a result of the aforementioned grossly negligent, reckless, wanton, and willful acts and omissions, Plaintiff suffered severe injuries as previously described and is entitled to all available damages under applicable law, including but not limited to:

    a. Physical injuries;

    b. Disfigurement;

    c. Past and future emotional distress;

    d. Past and future pain and suffering;

    e. Past and future medical expenses;

    f. Economic losses;

    g. Loss of enjoyment of life;

    h. Punitive damages;

    i. All other damages available under applicable law.

27. To the extent the above-described damages are not available under general maritime law, Plaintiff seeks such damages under applicable state law.

WHEREFORE, Plaintiff demands judgment against Defendant Thomas Peets in an amount that fully and fairly compensates her for her injuries under maritime law and/or applicable state law, plus interest and costs and for punitive damages in an amount that fully and fairly punishes Defendant and deters future misconduct under maritime law, plus interest and costs.

<u>**JURY TRIAL DEMANDED**</u>

Plaintiff demands a trial by jury.

Respectfully submitted,

/s/ *Anthony Tarricone*
Anthony Tarricone
Joseph P. Musacchio, BBO #365270
**KREINDLER & KREINDLER LLP**
855 Boylston St. Suite1101
Boston, MA 02116
617-424-9100


Kevin Mahoney, *pro hac vice to be submitted*
KREINDLER &
KREINDLER, LLP
485 Lexington Ave.
New York, NY 10017
Tel: 212-687-8181
Fax: 212-972-9432
kmahoney@kreindler.com

*Attorneys for Plaintiffs*